# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LEODIS RANDLE**  **PLAINTIFF**

VS.  NO. 4:20CV01257 SWW

**LITTLE ROCK POLICE**  **DEFENDANTS**
**DEPARTMENT,** *et al***.**

## ORDER

Leodis Randle ("Plaintiff") is incarcerated in the Pulaski County Detention Facility. On October 20, 2020, he filed a *pro se* Complaint (Doc. No. 1), but he did not pay the $400 filing fee or file a motion to proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *See Orr v. Clements,* 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) specifically provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a three-striker under the PLRA. Prior to filing this action, he filed at least three lawsuits that were dismissed for failing to state a claim upon which relief may be granted. *Randle v. Peters, et al.*, E.D. Ark. No. 4:14cv00280-BRW (dismissed for failure to state a claim); *Randle v. Baker, et al.,* E.D. Ark. No. 4:14cv00357-JLH (dismissed for failure to state a claim); *Randle v. Arkansas, et al.,* No. 4:17cv00291-BSM (dismissed for failure to state a claim).[1]

---

[1] Plaintiff has also had multiple cases dismissed pursuant to the three-strikes rule. *See, among others, Randle v. Probation Office, et al.,* E.D. Ark. No. 4:18cv00125-SWW; *Randle v.*

Although he is a well-established three striker, Plaintiff may still proceed *in forma pauperis* if he was in imminent danger of serious physical injury at the time he filed his complaint. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff, a sex offender, complains he was forced to leave his registered residence after a day care opened in the area. (Doc. No. 1 at 2). He became homeless and at some point was arrested. (*Id*.). He maintains his Fourth Amendment rights were violated when he was made to leave his home. (*Id*. at 2-3). Plaintiff complains of past harm. His allegations do not establish that he was in imminent danger at the time he filed his Complaint. Accordingly, the imminent danger exception does not apply. As such, it would be futile to direct Plaintiff to submit an application to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE, pursuant to the three strikes rule in 28 U.S.C. § 1915(g).

2. If Plaintiff wishes to continue this case, he must, within thirty (30) days of the entry of this Order: (a) submit the statutory filing fee $400, in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

DATED this 3rd day of November, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

*Sims, et al.*, E.D. Ark. No. 4:18cv00126-DPM; *Randle v. Sims,* E.D. Ark. No. 4:18cv00139-BRW; *Randle v. Does,* E.D. Ark. No. 4:18cv00148-BRW; *Randle v. Does,* E.D. Ark. 4:18cv00152-JLH.